**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

KEY INVESTMENT GROUP, et al.,

        Plaintiffs,

    v.

ANDREW N. FERGUSON, et al.,

        Defendants.

Case No. 1:25-cv-02354-GLR

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

On July 21, 2025, Plaintiffs feared that the Federal Trade Commission (FTC) would sue them for alleged violations of the Better Online Ticket Sales (BOTS) Act. So Plaintiffs ran to court and filed this preemptive lawsuit against the FTC. The FTC, however, was undeterred and, on August 18, proceeded with its civil enforcement action, *FTC v. Key Investment Group*, 1:25-cv-02716-GLR (D. Md.), which is also before this Court. Rather than adjudicate the same conduct under the BOTS Act twice, the Court should now dismiss Plaintiffs' preemptive suit and proceed in the natural context of the FTC's action.

As a threshold matter, the Court lacks subject matter jurisdiction to hear Plaintiffs' suit. Plaintiffs must—but do not—identify any applicable waiver of sovereign immunity. And they cannot rely on the Administrative Procedure Act (APA) for that waiver because the mere filing of a lawsuit is neither agency action nor *final* agency action under the APA. The APA also is inapplicable because Plaintiffs have an adequate alternative remedy—*i.e.*, moving to dismiss the FTC's complaint and defending themselves against it in any later proceedings.

Moreover, Plaintiffs fail to state any claim that could entitle them to the relief they seek. Plaintiffs identify no cause of action. Moreover, the equitable remedy of an injunction is

inappropriate because Plaintiffs possess an adequate alternative remedy. Likewise, declaratory relief about the BOTS Act is unnecessary here because such issues are best resolved through the FTC's suit.

<strong>BACKGROUND</strong>

On July 21, 2025, Plaintiffs filed their Complaint, alleging that the FTC would "imminently be filing a lawsuit against Plaintiffs for alleged violations of the BOTS Act." Compl., ECF No. 1, ¶ 5. Plaintiffs sought a declaration that (1) their mode of business does not violate the BOTS Act and (2) the FTC is not entitled to civil money penalties. *Id.* ¶¶ 141, 149. Plaintiffs also asked the Court to enjoin the FTC from enforcing the BOTS Act against them and from assessing civil money penalties. *Id.* ¶¶ 144, 152. And they asked this Court to "find" the BOTS Act unconstitutional as applied to them, although they do not attach this claim to any request for relief. *Id.* ¶ 165.

On August 18, 2025, the FTC filed its own complaint, alleging that Plaintiffs violate the BOTS Act and seeking (among other relief) civil money penalties. *FTC v. Key Investment Group*, 1:25-cv-02716-GLR, ECF No. 1. Following a meet-and-confer on August 28, Plaintiffs declined to voluntarily dismiss their suit against the FTC. The parties agreed, however, to brief both cases on the same deadlines, so Plaintiffs' motion to dismiss the FTC's complaint is expected to be filed today.

<strong>LEGAL STANDARD</strong>

"When a defendant makes a facial challenge to subject matter jurisdiction, the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). Thus, to survive a motion to dismiss under Rules 12(b)(1) and (6), a complaint must contain "plausible" factual

2

allegations that, taken as true, establish subject matter jurisdiction and the plaintiff's entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *see also Zander v. United States*, 786 F. Supp. 2d 880, 883 (D. Md. 2011) (applying *Iqbal* to Rule 12(b)(1) motion).

**ARGUMENT**

## I.      The Court Lacks Subject-Matter Jurisdiction

The United States is "immune from suit save as it consents to be sued." *United States v. Sherwood*, 312 U.S. 584, 586 (1941); *see also United States v. Mitchell*, 463 U.S. 206, 212 (1983); *Food Town Stores, Inc. v. EEOC*, 708 F.2d 920, 922 (1983). Thus, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit," *FDIC v. Meyer*, 510 U.S. 471, 475 (1994), depriving the court of subject matter jurisdiction, *Jake's Fireworks Inc. v. CPSC*, 105 F.4th 627, 631 (4th Cir. 2024). Because Plaintiffs identify no waiver of sovereign immunity, their Complaint should be dismissed.

Plaintiffs cannot rely on the APA's waiver of sovereign immunity though they did not cite it in their Complaint. "The APA waives the federal government's sovereign immunity for a limited set of suits, brought by 'a person suffering legal wrong because of agency action' to obtain relief 'other than money damages.'" *City of N.Y. v. Dep't of Def.*, 913 F.3d 423, 430 (4th Cir. 2019) (quoting 5 U.S.C. § 702)). That waiver is further limited by 5 U.S.C. § 704, which permits review only of "final agency action for which there is no other adequate remedy in a court." Therefore, the Fourth Circuit says, the APA "waives the federal government's sovereign immunity 'to permit judicial review of only 'final agency action[s].''" *Jake's Fireworks*, 105 F.4th at 631 (quoting *Nat'l Veterans Legal Servs. Program v. U.S. Dep't of Def.*, 990 F.3d 834, 839 (4th Cir. 2021)); *see Food Town Stores*, 708 F.2d at 923 (holding that "[s]overeign immunity . . . is waived" for challenges to "final agency actions for which there is no other adequate

remedy in a court"); *see also Standage v. Braithwaite*, 526 F. Supp. 3d 56, 86 (D. Md. 2021) (holding that "to benefit from the waiver in § 702, a plaintiff's [non-APA] claim must still be judicially reviewable under 5 U.S.C. § 704").

This case falls outside the APA waiver for at least three reasons. *First*, Plaintiffs do not challenge "agency action" as the APA defines that term. That definition covers "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. § 551(13). The FTC's pre-lawsuit statements to Plaintiffs are none of these, even if Plaintiffs feared that the FTC would later bring suit. *See Walmart Inc. v. Dep't of Justice*, 21 F.4th 300, 310 n.8 (5th Cir. 2021) (rejecting theory that "threat[s] to sue a regulated party under a particular legal interpretation" constitute "agency action"). Nor is the FTC's subsequent lawsuit within the definition of "agency action." Rather, the FTC's litigation complaint simply initiates a process for *this Court* to determine Plaintiffs' liability.

*Second*, neither the prospect of litigation nor the FTC's initiation of a legal proceeding against Plaintiffs is "*final* agency action." *FTC v. Standard Oil Co. of Cal.*, 449 U.S. 232, 239 (1980). It is not an action "by which rights or obligations have been determined, or from which legal consequences will flow." *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997) (internal quotation marks omitted). The mere "burden of responding" to a complaint is not the sort of "legal or practical effect" that defines "final agency action." *Standard Oil*, 449 U.S. at 242. Rather, "any rights, obligations, and legal consequences are determined later by a judge." *City of Oakland v. Lynch*, 798 F.3d 1159, 1166-67 (9th Cir. 2015).[1]

*Third*, even if the FTC's suit were final agency action, the APA would not permit

---

[1] Nor does the filing of a lawsuit convert the Government's preliminary determinations into final agency action. *Walsh v. Peters*, Case No. GLR-18-2933, 2021 WL 1662467, at *7 (D. Md. Apr. 28, 2021).

4

Plaintiffs' claims because they have an adequate, alternative remedy. *See Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988) ("Congress did not intend the general grant of review in the APA to duplicate existing procedures for review of agency action."). Specifically, Plaintiffs may defend themselves in the FTC's lawsuit, including by moving to dismiss the FTC's complaint and raising defenses to the claims. *City of Oakland*, 798 F.3d at 1167 (holding that plaintiffs had an adequate remedy in their defense to the government's lawsuit against them); *AT&T Co. v. EEOC*, 270 F.3d 973, 975 (D.C. Cir. 2001) (holding that "if the [EEOC] filed a lawsuit against AT&T . . . [AT&T] could not challenge that decision as final agency action under the APA; it would instead simply defend itself against the suit"). Thus, with no applicable waiver of sovereign immunity, this Court lacks subject-matter jurisdiction over Plaintiffs' suit. *See Jake's Fireworks*, 105 F.4th at 631.

## II.    Plaintiffs Are Not Entitled to Injunctive or Declaratory Relief

Even if there were a waiver of sovereign immunity, Plaintiffs still are not entitled to the injunctive and declaratory relief they seek. Plaintiffs do not identify any cause of action. As explained above, Plaintiffs do not have a cause of action under the APA because there is no final agency action, and because Plaintiffs have an adequate alternative remedy. *See supra* pp. 3-5. Nor does the Declaratory Judgment Act supply a cause of action. *See CGM, LLC v. BellSouth Telecom.*, 664 F.3d 46, 55 (4th Cir. 2011) (explaining that the Declaratory Judgment Act "is remedial only and neither extends federal courts' jurisdiction nor creates any substantive rights") (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671–72 (1950). Even putting aside their failure to identify a cause of action, neither equitable nor declaratory relief would be appropriate here.

"[A]n injunction is an equitable remedy." *Weinberger v. Romero-Barcelo*, 456 U.S. 305,

311 (1982); *see also Trump v. CASA, Inc.*, 606 U.S. 831, 841 (2025). The Supreme Court "has repeatedly held that the basis for injunctive relief in the federal courts has always been irreparable injury and the inadequacy of legal remedies." *Weinberger*, 456 U.S. at 312 (collecting authorities). Here, an injunction is unnecessary to prevent Plaintiffs from irreparable injury. Additionally, Plaintiffs have an obvious legal remedy: defend against the FTC's claim. Plaintiffs cannot obtain an injunction in this lawsuit because it would provide no additional relief.

The same considerations counsel against entertaining declaratory relief. "By the Declaratory Judgment Act, Congress" merely "created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). "Consistent with the nonobligatory nature of the remedy," the court "is authorized, in the sound exercise of its discretion, . . . to dismiss an action seeking a declaratory judgment" at any time. *Id.*

"In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Id.* Most relevantly, "[w]here a pending coercive action, filed by the natural plaintiff would encompass all the issues in the declaratory judgment action, the policy reasons underlying the creation of the extraordinary remedy of declaratory judgment are not present, and the use of that remedy is unjustified." *Amsouth Bank v. Dale*, 386 F.3d 763, 787 (6th Cir. 2004). The FTC is the natural plaintiff in this singular dispute over Plaintiffs' liability for violations of the BOTS Act. Indeed, Congress specifically authorized the Commission to enforce the statute, and nowhere suggested that potential defendants could seek advisory opinions about their culpability or the scope of the statute's prohibitions. 15 U.S.C. § 45c(b). Plaintiffs may

assert all factual and legal defenses against liability in the FTC's suit; those arguments should not be raised (much less addressed) in duplicate. *See, e.g.*, *Morgan Drexen, Inc. v. CFPB*, 785 F.3d 684, 694 (D.C. Cir. 2015) ("By now it is well settled that '[a] court may . . . in its discretion dismiss a declaratory judgment or injunctive suit if the same issue is pending in litigation elsewhere.'") (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 155 (1967)); *Gravity Defyer Medical Technology Corp. v. FTC*, No. 1:22-cv-1157 (RDM), 2023 WL 2571758, at *5 (D.D.C. Mar. 20, 2023) (dismissing declaratory judgment claims where same issues were raised in FTC enforcement suit); *POM Wonderful LLC v. FTC*, 894 F. Supp. 2d 40, 45 (D.D.C. 2012) ("To the extent that POM is seeking, in the current action, to resolve a defense, this court may decline to exercise jurisdiction to hear the action."); *Swish Marketing, Inc. v. FTC*, 669 F. Supp. 2d 72, 79-80 (D.D.C. 2009) (similar).

The case is on all fours with *Gravity Defyer*. There (as here), the plaintiffs sued to preempt an FTC enforcement action. *Id.* at *2. But after the FTC filed its own suit, the district court dismissed the plaintiffs' preemptive claims, noting that "a declaratory judgment would add nothing to the efficient resolution of the dispute between the parties." *Id.* at *5. Rather, allowing plaintiffs to "assert the same arguments as defenses in the enforcement action would serve the very same purpose as a declaratory judgment." *Id.* So too here.

CONCLUSION

For the foregoing reasons, Defendants move to dismiss the Complaint for lack of subject matter-jurisdiction and failure to state a claim.

November 24, 2025                    Respectfully submitted,


                                     BRETT A. SHUMATE
                                     Assistant Attorney General

                                     JORDAN C. CAMPBELL
                                     Deputy Assistant Attorney General

                                     SARMAD M. KHOJASTEH
                                     Senior Counsel
                                     Civil Division

                                     LISA K. HSIAO
                                     Acting Director

                                     JAMES W. HARLOW
                                     Acting Assistant Director

                                     */s/ Noah T. Katzen*
                                     NOAH T. KATZEN
                                     Trial Attorney
                                     Enforcement & Affirmative Litigation
                                      Branch
                                     U.S. Department of Justice
                                     P.O. Box 386
                                     Washington, DC 20044-0386
                                     202-305-2428
                                     Noah.T.Katzen@usdoj.gov

                                     *Counsel for Defendants*