**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

KEY INVESTMENT GROUP, et al.,

　　　　　　Plaintiffs,

　　v.　　　　　　　　　　　　　　　　　　　　　　　Case No. 1:25-cv-02354-GLR

ANDREW N. FERGUSON, et al.,

　　　　　　Defendants.

**REPLY IN SUPPORT OF MOTION TO DISMISS**

Plaintiffs' response to the Federal Trade Commission's motion to dismiss fails to establish either a valid jurisdictional basis or a viable claim for relief. Relying on non-precedential and out-of-circuit authority, Plaintiffs argue that they need not challenge "*final* agency action" to invoke the Administrative Procedure Act's waiver of sovereign immunity. The Fourth Circuit says otherwise. Regardless, Plaintiffs acknowledge that the waiver covers only "equitable claims based on *agency action*," ECF No. 25 (KIG Opp'n) 5 (emphasis added), which theirs is not.

As a workaround, Plaintiffs propose that Count V of their Complaint falls within an exception permitting a plaintiff to seek equitable relief for constitutional claims even absent a waiver of sovereign immunity. The exception does not apply because Count V is, in reality, just their statutory interpretation argument framed in constitutional terms—an impermissible attempt to evade sovereign immunity through legerdemain. Moreover, Plaintiffs fail to seek equitable— or any other—relief based on Count V.

In any event, the injunctive and declaratory relief Plaintiffs seek is equivalent to their ongoing defense against the FTC's enforcement action. That fact precludes the equitable remedy of an injunction and disfavors the maintenance of this declaratory judgment action. This Court should resolve all of Plaintiffs' and the FTC's arguments in the context of the pending enforcement action, and dismiss this duplicative suit.

**ARGUMENT**

**I.      Sovereign Immunity Bars Plaintiffs' Claims**

As our motion to dismiss explained, to proceed with this suit, Plaintiffs must identify an applicable waiver of sovereign immunity, which they fail to do. ECF No. 24-1 (FTC Mem.) 3-5. In response, Plaintiffs invoke the APA's waiver in 5 U.S.C. § 702. KIG Opp'n 4-8. They also rely on a narrow exception to sovereign immunity for equitable relief based on constitutional violations. *See id.* 8-9. Neither the APA's waiver of sovereign immunity nor the narrow exception applies here.

**A.  5 U.S.C. § 702 does not waive sovereign immunity for Plaintiffs' claims**

Plaintiffs assert subject-matter jurisdiction under 28 U.S.C. § 1331, KIG Opp'n 5, but that provision "merely establishes a subject matter that is within the competence of federal courts to entertain." *Randall v. United States*, 95 F.3d 339, 345 (4th Cir. 1996) (quotation omitted). Critically, "section 1331 is not a general waiver of sovereign immunity." *Id.* (quotation omitted). For such a waiver, Plaintiffs look to the APA, which "operates in conjunction with" section 1331. *Lovo v. Miller*, 107 F.4th 199, 205 n.5 (4th Cir. 2024).

The APA, in 5 U.S.C. § 702, "waives the federal government's sovereign immunity for a limited set of suits, brought by a 'person suffering legal wrong *because of agency action*' to obtain relief 'other than money damages.'" *City of N.Y. v. Dep't of Def.*, 913 F.3d 423, 430 (4th

2

Cir. 2019) (quoting 5 U.S.C. § 702) (emphasis added). As we already explained, Plaintiffs'

claims fall outside this waiver because they do not challenge "agency action" as the APA defines

that term. FTC Mem. 3; *see also* 5 U.S.C. § 551(13); *City of N.Y.*, 913 F.3d at 431. Despite

acknowledging that § 702's waiver extends only to "equitable claims *based on agency action*,"

KIG Opp'n 5 (emphasis added), Plaintiffs never argue that they challenge the requisite "agency

action"—and effectively conceding they do not, *see Wojkowski v. Raimondo*, Case No. GJH-17-

2399, 2021 WL 11646328, at *13 n.6 (D. Md. May 24, 2021) ("Plaintiff . . . does not raise this

argument in his Opposition, thus conceding it."); *Camper v. NSA*, Case No. 1:18-cv-01794-

PWG, 2019 WL 3841940, at *5 (D. Md. Aug. 16, 2019) ("Plaintiffs' response in opposition to

the motion does not dispute the point. I infer, accordingly, that they have conceded the issued.").

With no "agency action" even alleged in the Complaint, the APA's waiver of sovereign immunity

cannot apply here.

The absence of "agency action" eliminates any need for the Court to reach Plaintiffs'

argument that the APA's waiver is not limited by the "*final* agency action" requirement in 5

U.S.C. § 704. In any event, binding Fourth Circuit precedent forecloses Plaintiffs' position.

*Jake's Fireworks, Inc. v. CPSC*, 105 F.4th 627, 631 (4th Cir. 2021); *Food Town Stores, Inc. v.*

*EEOC*, 708 F.2d 920, 923 (4th Cir. 1983); *see also Nat'l Veterans Legal Serv. Program v. Dep't*

*of Def.*, 990 F.3d 834, 839 (4th Cir. 2021).

Relying on the D.C. Circuit's decision in *Trudeau v. FTC*, 456 F.3d 178 (D.C. Cir. 2006)

and district court cases citing that decision, Plaintiffs argue that § 702's waiver applies regardless

of any final agency action because that requirement limits only the scope of an APA cause of

action. *See* KIG Opp'n 5-6 (citing *PFLAG, Inc. v. Trump*, 766 F. Supp. 3d 535, 554 (D. Md.

2025) and *Winston v. Dep't of Ed.*, No. DKC 21-1358, 2022 WL 2466792, at *4 n.7 (D. Md. Jul.

6, 2022)). While the D.C. Circuit said "the APA's final agency action requirement is not jurisdictional," *Trudeau*, 456 F.3d at 184, the Fourth Circuit has repeatedly held the opposite: "Because sovereign immunity is jurisdictional in nature, finality under the APA *is* a jurisdictional requirement." *Jake's Fireworks*, 105 F.4th at 631 (emphasis added); *accord Nat'l Veterans Legal Serv. Program*, 990 F.3d at 839 (describing "final agency action" as a "jurisdictional" requirement because it "defines th[e] scope" of the waiver of sovereign immunity). Of course, this Court follows the Fourth Circuit's lead. *See United States v. Collins*, 415 F.3d 304, 311 (4th Cir. 2005); *United States v. Henry*, 11 F. App'x 350, 351 (4th Cir. 2001).

Contrary to Plaintiffs' argument (KIG Opp'n 7), in this Circuit, the "final agency action" requirement continues to define the scope of § 702's waiver of sovereign immunity even when a plaintiff asserts non-APA claims. *See Food Town Stores*, 708 F.2d at 922 (holding that the final action requirement limits the scope of the waiver for "nonstatutory" claims); *see also Standage v. Braithwaite*, 526 F. Supp. 3d 56, 86 (D. Md. 2021) (noting that *Food Town Stores* involved non-APA claims). Plaintiffs accuse the FTC of "perverting *Standage*'s meaning," KIG Opp'n 7, but their own reading of the opinion is highly selective. After citing *Food Town Stores* for the proposition that § 702's waiver applies to non-APA claims, *Standage* immediately qualified that point: "[T]o benefit from the waiver in § 702, a plaintiff's claim must still be judicially reviewable under 5 U.S.C. § 704." 526 F. Supp. 3d at 86. *Standage* therefore squarely supports the FTC's position in this case.

### B.  The *Larson-Dugan* exception is inapplicable

Plaintiffs contend that Count V survives "[r]egardless of sovereign immunity" because plaintiffs are "entitled to 'seek[] equitable relief' 'against federal officials in their official capacities' by alleging that those officials . . . acted unconstitutionally.'" KIG Opp'n 9 n.6

(quoting *PFLAG, Inc. v. Trump*, 769 F. Supp. 3d 405, 426 (D. Md. 2025)). Although Plaintiffs do not refer to it by name, this is known as the "*Larson-Dugan* exception." *Strickland v. United States*, 32 F.4th 311, 363-64 (4th Cir. 2022) (citing *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 689 (1949) and *Dugan v. Rank*, 372 U.S. 609, 620 (1963)). And it does not apply here.[1]

The *Larson-Dugan* exception permits only "suits for specific relief against officers of the sovereign" based on constitutional violations. *Larson*, 337 U.S. at 690. But Count V does not seek any recognized form of relief—equitable, declaratory, or otherwise. Whereas Counts I and III request declaratory judgments, ECF No. 1, ¶¶ 141, 149, and Counts II and IV request injunctions, *id.* ¶¶ 145, 152, Count V asks only that the Court "find" the BOTS Act is unconstitutional as applied to Plaintiffs, *id.* ¶ 165. Plaintiffs cannot avoid sovereign immunity by styling a (specious) constitutional argument as a "Fifth Cause of Action" without requesting any recognized form of relief in connection with that argument.

Nor can Plaintiffs invoke the *Larson-Dugan* exception by dressing a run-of-the-mill dispute over statutory interpretation in constitutional garb. The Supreme Court rejected the notion that "executive actions in excess of statutory authority were *ipso facto* unconstitutional"

---

[1] Plaintiffs are wrong to claim that the FTC "waived the opportunity" to rebut this argument. KIG Opp'n 9. The FTC's motion plainly argued that *all* of Plaintiffs claims, including Count V, were barred by sovereign immunity. *See* FTC Mem. 3 ("Because Plaintiffs identify no waiver of sovereign immunity, their Complaint should be dismissed."); *id.* at 5 ("[W]ith no applicable waiver of sovereign immunity, this Court lacks subject-matter jurisdiction over Plaintiffs' suit."). And the agency had no reason to address the *Larson-Dugan* exception before Plaintiffs ever invoked it. Plus, only Congress can waive the Federal Government's sovereign immunity, *Stanley v. Schwalby*, 162 U.S. 255, 269-70 (1896); "no action of the parties can confer subject-matter jurisdiction upon a federal court," *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982); *see Bank of N.Y. Mellon v. Ashley*, 2018 WL 1521872, at *6 (D. Md. Mar. 28, 2018) (holding that the federal government does not waive sovereign immunity through its "litigation conduct").

5

because, if that were so, "there would have been little need in *Larson* for . . . specifying unconstitutional and ultra vires conduct as separate categories." *Dalton v. Specter*, 511 U.S. 462, 472 (1994). And "[t]he distinction between claims that an official exceeded his statutory authority, on the one hand, and claims that he acted in violation of the Constitution, on the other, is too well established to permit this sort of evisceration." *Id.* at 474. Yet that is precisely what Plaintiffs attempt here: they assert a putative "constitutional" claim premised entirely on Plaintiffs' view that the FTC's interpretation of the BOTS Act should be rejected. ECF No. 1, ¶¶ 157-58 (claiming that "people of ordinary intelligence" agree with Plaintiffs about the meaning of the BOTS Act); *id.* ¶¶ 160-61 (characterizing the FTC's interpretation as "novel" and "newfound"); *id.* ¶ 164 (accusing the FTC of "[r]epurposing the BOTS Act" despite "every indication" that Plaintiffs' interpretation is correct). This fundamentally statutory claim does not trigger the *Larson-Dugan* exception.

## II.      Plaintiffs State No Claim For Relief

Even if Plaintiffs could overcome the jurisdictional hurdle, they cannot obtain either injunctive or declaratory relief. As the FTC explained, injunctive relief is off the table because Plaintiffs have an adequate alternative remedy: they can defend against the FTC enforcement action. *See* FTC Mem. 5-6. Similarly, a declaratory judgment is uncalled for because Plaintiffs effectively would obtain the same relief if they prevail in the FTC enforcement action.[2] *Id.* 6-7.

---

[2] Plaintiffs misleadingly claim that "the FTC does not dispute that KIG is entitled to this remedy if the Court exercises its discretion to decide it." KIG Opp'n 10. If the Court permits a declaratory judgment action to go forward, Plaintiffs' entitlement to that remedy would turn on the merits of their claims, something the FTC was not required to (and did not) address in its motion to dismiss. As the FTC has made clear in the enforcement action, the agency does, in fact, dispute the merits of Plaintiffs' claims. *See FTC v. Key Investment Grp. LLC, et al.*, No. 1:25-cv-02716-GLR, ECF No. 34 (filed Dec. 24, 2025).

In their response, Plaintiffs never explain what more they could get through an injunction or declaratory judgment. Avoiding that question, Plaintiffs contend that an injunction would "necessarily follow[]" if the Court issues a declaratory judgment. KIG Opp'n 12. Not so. Because injunction "is not a remedy which issues as of course," *City of Harrisonville v. W.S. Dickey Clay Mfg. Co.*, 289 U.S. 334, 337-38 (1933), plaintiffs "don't get a permanent injunction just because they got a declaratory judgment," *Nuziard v. Minority Bus. Dev. Agency*, 721 F. Supp. 3d 431, 502 (N.D. Tex. 2024). Rather, a party seeking an injunction must satisfy the traditional "four-factor test," including the inadequacy of remedies at law. *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006); *see Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311 (1982). As we said, *see* FTC Mem. 6, Plaintiffs have an adequate remedy—that is, defend against the enforcement action—and the opposition does not contest the issue.

Plaintiffs also fail to cite any authority permitting a declaratory judgment action to proceed in similar circumstances. To be sure, a plaintiff who fears an enforcement action may, in certain circumstances, seek a declaratory judgment to test the government's legal theory in advance. KIG Opp'n 10 (citing *Wells v. Johnson*, 150 F.4th 289, 302 (4th Cir. 2025)). But that is not situation in which Plaintiffs now find themselves. The FTC has begun its enforcement action, and Plaintiffs are already testing that theory by opposing the FTC's action, including through a motion to dismiss. *See* Defs.' Mot. to Dismiss, *FTC v. Key Investment Grp. LLC*, No. 1:25-cv-0217-GLR, ECF Nos. 33, 33-1 (filed Nov. 24, 2025). If they succeed, Plaintiffs have no need for a declaratory judgment; if they fail, they would not be entitled to a declaratory judgment. There is therefore no reason for this Court to test the FTC's theory through this preemptive suit, rather than through the suit in which the FTC actually asserts that theory.

**CONCLUSION**

For the reasons set forth here and in the FTC's motion to dismiss, the Court should

dismiss Plaintiffs' claims for lack of subject matter jurisdiction or failure to state a claim.

January 16, 2026                          Respectfully submitted,


 BRETT A. SHUMATE
Assistant Attorney General

JAMES W. HARLOW
Acting Assistant Director

*/s/ Noah T. Katzen*
NOAH T. KATZEN
Trial Attorney
Federal Programs Branch
Civil Division
U.S. Department of Justice
1100 L St., NW
Washington, DC 20005
202-305-2428
Noah.T.Katzen@usdoj.gov

*Counsel for Defendants*

8