UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**GEORGE L. RUSSELL, III**
Chief United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

April 28, 2026

MEMORANDUM TO COUNSEL RE:    Key Investment Group LLC, et al. v.
Ferguson, et al.
Civil Action No. GLR-25-2354

Dear Counsel:

Pending before the Court is Defendants Federal Trade Commission, Andrew N. Ferguson, Melissa Ann Holyoak, Mark R. Meador, and Rebecca K. Slaughter's (collectively "the FTC" or "Defendants") Motion to Dismiss (ECF No. 24). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2025). For the reasons set forth below, the Court will deny the Motion.

**Background[1]**

This action arises from Defendants' enforcement of the Better Online Sales Ticket Act, 15 U.S.C § 45c, (the "BOTS Act") against Plaintiffs Yair D. Rozmaryn, Totally Tix LLC, Elan N. Rozmaryn, TotalTickets.com LLC, Taylor Kurth, Front Rose Tix LLC, Key Investment Group LLC, WLK Investments LLC. (Compl. ¶¶ 1–22, ECF No. 1). Plaintiffs are involved in the secondary-ticket market but assert that they do not use "bots" to circumvent any security measures and as such, the BOTS Act is not applicable to them. (See id. ¶¶ 1–2, 20–22). Indeed, Plaintiffs allege that "[i]n attempting to misuse the BOTS Act to destroy Plaintiffs' legitimate business and, by extension, the entirety of the secondary-ticket market, Defendants' actions run counter to both the BOTS Act and the FTC's very purpose." (Id. ¶ 21). Plaintiffs seek declaratory relief, injunctive relief, and a finding that Defendants' reading of the BOTS Act is unconstitutionally vague as to Plaintiffs and other similarly situated businesses in the secondary-ticket market who do not use bots. (Id. ¶ 22).

On June 21, 2025, Plaintiffs filed a Complaint against the Federal Trade Commission, Andrew N. Ferguson, Melissa Ann Holyoak, Mark R. Meador, and Rebecca K. Slaughter (ECF No. 1). Plaintiffs style their Complaint as including five causes of action: Declaratory Judgment that Plaintiffs Do Not Violate the Bots Act (Count I); Injunctive Relief so that Defendants Cannot Enforce the Bots Act Against Plaintiffs (Count II); Declaratory Judgment that Plaintiffs Had No Requisite Knowledge to Assess Civil Penalties (Count III); Injunctive Relief so that Defendants Cannot Assess Civil Penalties [on] Plaintiffs (Count IV); and the Bots Act is Void For Vagueness as applied to Plaintiffs under the Fifth And Fourteenth Amendments to the Constitution (Count

---

[1] Unless otherwise noted, the Court takes the following facts from the Complaint (ECF No. 1) and accepts them as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

V). (Compl. ¶¶ 133–165, ECF No. 1). The FTC filed the instant Motion to Dismiss on November 24, 2026. (ECF No. 24). Plaintiffs filed an Opposition on December 23, 2025. (ECF No. 25). The FTC filed a Reply on January 16, 2026. (ECF No. 26).

**Standard of Review**

Federal Rule of Civil Procedure 12(b)(1) requires a plaintiff to establish the Court's subject-matter jurisdiction by showing the existence of either a federal question under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. A plaintiff may establish federal question jurisdiction by asserting a claim that arises from a federal statute or from the United States Constitution. Fed.R.Civ.P. 12(b)(1). To show that the claim arises on one of these bases, the federal question must appear "on the face of the plaintiff's properly pleaded complaint." AES Sparrows Point LNG, LLC v. Smith, 470 F.Supp.2d 586, 592 (D.Md. 2007) (quoting Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987)). When a party challenges subject-matter jurisdiction, however, the Court may consider "evidence outside the pleadings" to resolve the challenge. Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

A defendant challenging a complaint under Rule 12(b)(1) may advance a "facial challenge, asserting that the allegations in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting 'that the jurisdictional allegations of the complaint [are] not true.'" Hasley v. Ward Mfg., LLC, No. RDB-13-1607, 2014 WL 3368050, at *1 (D.Md. July 8, 2014) (quoting Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009)). When a defendant raises a facial challenge, the Court affords the plaintiff "the same procedural protection as he would receive under a Rule 12(b)(6) consideration." Kerns, 585 F.3d at 192 (quoting Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)). As such, the Court takes the facts alleged in the complaint as true and denies the motion if the complaint alleges sufficient facts to invoke subject-matter jurisdiction.

The purpose of a Rule 12(b)(6) motion is to "test[] the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)). A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 556). Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of Am., N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd, 546 F.App'x 165 (4th Cir. 2013).

In considering a Rule 12(b)(6) motion, a court must examine the complaint as a whole, accept the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. See Albright v. Oliver, 510 U.S. 266, 268 (1994); Lambeth v.

Bd. of Comm'rs of Davidson Cnty., 407 F.3d 266, 268 (4th Cir. 2005). But the court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events, see United Black Firefighters of Norfolk v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979), or legal conclusions couched as factual allegations, Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

## Analysis

The Court will first address Defendants' argument that this Court lacks subject matter jurisdiction to review Plaintiffs' claims under the Administrative Procedure Act, ("APA"), 5 U.S.C. § 702. (Defs.' Mem. L. Supp. Mot. Dismiss ["Mot."] at 3, ECF No. 24-1).[2] Specifically, Defendants contend that they are entitled to sovereign immunity and that Plaintiffs are unable to establish a waiver to sovereign immunity under any applicable statute, most notably the APA. (Id.). Plaintiffs counter that they do not allege an APA violation and instead exclusively raise "constitutional claims under the broad sovereign immunity waiver contained in APA's Section 702." (Pls.' Mem. L. Opp'n Defs.' Mot. Dismiss ["Opp'n"] at 9–10, ECF No. 25). For the reasons set forth below, the Court agrees that Defendants are not entitled to sovereign immunity under the APA.

"The APA generally waives the Federal Government's immunity from a suit 'seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority.'" Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians v. Patchak, 567 U.S. 209, 215 (2012) (quoting 5 U.S.C. § 702). The waiver applies regardless of whether a final agency action has occurred. PFLAG, Inc. v. Trump, 766 F.Supp.3d 535, 554 (D.Md. 2025). Here, Plaintiffs seek declaratory and injunctive relief against a federal agency and its officers, (Compl. ¶¶ 133–65); thus, the APA waives sovereign immunity.

The Court will next address Defendants' argument that, even if there is a waiver to sovereign immunity, Plaintiffs are not entitled to the injunctive and declaratory relief they seek under principles of equity jurisdiction and under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), respectively. (Mot. at 5–6). With respect to injunctions, the Supreme Court has repeatedly cautioned that "[a]n injunction is a drastic and extraordinary remedy, which should not be granted as a matter of course." Monsanto Co. v. Geertson Seed Farms, 561 U.S. 139, 165 (2010). Indeed, "[i]t is a basic doctrine of equity jurisprudence that courts of equity should not act . . . when the moving party [1] has an adequate remedy at law and [2] will not suffer irreparable injury if denied injunctive relief." Morales v. Trans World Airlines, Inc., 504 U.S. 374, 381 (1992). With respect to declaratory relief, the Declaratory Judgment Act provides that district courts 'may declare' the rights of interested parties." United Capitol Ins. Co. v. Kapiloff, 155 F.3d 488, 493 (4th Cir. 1998) (quoting 28 U.S.C. § 2201(a)). In considering whether declaratory judgment is an appropriate remedy, the Court must consider whether declaratory relief would "serve a useful purpose in clarifying and settling the legal relations in issue," and whether the judgment would "terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the

---

[2] Unless otherwise noted, citations to page numbers refer to the pagination assigned by the Court's Case Management/Electronic Case Files ("CM/ECF") system.

3

proceeding." Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co., 386 F.3d 581, 594 (4th Cir. 2004) (citation modified); Butz v. Pulte Home Corp., No. PX-16-1508, 2017 WL 679226, at *3–*4 (D.Md. Feb. 21, 2017).

Here, the pending litigation before this Court in FTC v. Key Investment Group LLC, et al., No. GLR-25-2716 (Aug. 18, 2025), does not preclude Plaintiffs from seeking declaratory or injunctive relief here. See Butz, 2017 WL 679226, at *3; Int'l Painters & Allied Trades Indus. Pension Fund v. Statesville Painting & Maint. LLC, No. JRR-23-02436, 2026 WL 809504, at *6 (D.Md. Mar. 24, 2026). Indeed, "[a]lthough Plaintiffs may not ultimately prevail in their request for injunctive [and declaratory] relief, as Defendants seemingly contend, that does not mean their allegations are deficient." Int'l Painters, 2026 WL 809504, at *6. For these same reasons, while it is true that injunctive relief is typically not available when there is an "adequate remedy at law," Morales, 504 U.S. at 381, that principle does not preclude Plaintiffs' request for declaratory relief or their challenge to the constitutionality of the BOTS Act, (Compl. ¶¶ 133–41, 145–49, 153–65).

To be sure, the United States Court of Appeals for the Fourth Circuit has explained that "[t]he granting of declaratory relief . . . is a matter resting in the sound discretion of the court; and the discretion is properly exercised by dismissing the suit when it is apparent that it will serve no useful purpose." Piedmont Fire Ins. Co. v. Aaron, 138 F.2d 732, 734 (4th Cir. 1943). In this case, however, it is not apparent that this lawsuit "will serve no useful purpose," particularly because the plaintiffs here could use a favorable ruling in this case as a defense in the FTC's lawsuit that would "likely help [them] in that litigation." Wells v. Johnson, 150 F.4th 289, 302 (4th Cir. 2025). Because Defendants advance no other grounds for dismissal, the Court will deny the Motion to Dismiss. See Int'l Painters, 2026 WL 809504, at *6 ("Defendants do not otherwise challenge Plaintiffs' allegations, and the court constrains its analysis accordingly.").[3]

## Conclusion

For the foregoing reasons, it is hereby ORDERED that the FTC's Motion to Dismiss (ECF No. 24) is DENIED. The FTC shall RESPOND to the Complaint (ECF No. 1) in accordance with the Local Rules and the Federal Rules of Civil Procedure. The Clerk shall PROVIDE a copy of this Order to all counsel of record. Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly.

Very truly yours,

_____/s/_____
George L. Russell, III
Chief United States District Judge

---

[3] Of course, this Order also does not preclude the parties from collaborating to file a joint motion to stay proceedings pending the outcome in this or other litigation, which may be in the interest of all parties and judicial efficiency.

4