UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**GEORGE L. RUSSELL, III**
Chief United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

June 9, 2026

MEMORANDUM TO COUNSEL RE:
<u>Key Investment Group LLC, et al. v.
Ferguson, et al.</u>
Civil Action No. GLR-25-2354

Dear Counsel:

Pending before the Court is Defendants Federal Trade Commission, Andrew N. Ferguson, Melissa Ann Holyoak, Mark R. Meador, and Rebecca K. Slaughter's (collectively "the FTC" or "Defendants") Motion for Reconsideration (ECF No. 28). The Motion is ripe for disposition, and no hearing is necessary. <u>See</u> Local Rule 105.6 (D.Md. 2025). For the reasons set forth below, the Court will grant the Motion.

The Court previously recounted the background of this case:

> This action arises from Defendants' enforcement of the Better Online Sales Ticket Act, 15 U.S.C § 45c, (the "BOTS Act") against Plaintiffs Yair D. Rozmaryn, Totally Tix LLC, Elan N. Rozmaryn, TotalTickets.com LLC, Taylor Kurth, Front Rose Tix LLC, Key Investment Group LLC, WLK Investments LLC. (Compl. ¶¶ 1–22, ECF No. 1). Plaintiffs are involved in the secondary-ticket market but assert that they do not use "bots" to circumvent any security measures and as such, the BOTS Act is not applicable to them. (<u>See</u> <u>id.</u> ¶¶ 1–2, 20–22). Indeed, Plaintiffs allege that "[i]n attempting to misuse the BOTS Act to destroy Plaintiffs' legitimate business and, by extension, the entirety of the secondary-ticket market, Defendants' actions run counter to both the BOTS Act and the FTC's very purpose." (<u>Id.</u> ¶ 21). Plaintiffs seek declaratory relief, injunctive relief, and a finding that Defendants' reading of the BOTS Act is unconstitutionally vague as to Plaintiffs and other similarly situated businesses in the secondary-ticket market who do not use bots. (<u>Id.</u> ¶ 22).

(Apr. 28, 2026 Order at 1, ECF No. 27). On June 21, 2025, Plaintiffs Yair D. Rozmaryn, Totally Tix LLC, Elan N. Rozmaryn, TotalTickets.com LLC, Taylor Kurth, Front Rose Tix LLC, Key Investment Group LLC, and WLK Investments LLC filed a Complaint against the Federal Trade Commission, Andrew N. Ferguson, Melissa Ann Holyoak, Mark R. Meador, and Rebecca K. Slaughter. (ECF No. 1). Plaintiffs style their Complaint as including five causes of action: Declaratory Judgment that Plaintiffs Do Not Violate the Bots Act (Count I); Injunctive Relief so that Defendants Cannot Enforce the Bots Act Against Plaintiffs (Count II); Declaratory Judgment

that Plaintiffs Had No Requisite Knowledge to Assess Civil Penalties (Count III); Injunctive Relief so that Defendants Cannot Assess Civil Penalties [on] Plaintiffs (Count IV); and the Bots Act is Void For Vagueness as applied to Plaintiffs under the Fifth And Fourteenth Amendments to the Constitution (Count V). (Compl. ¶¶ 133–65, ECF No. 1). The FTC filed a Motion to Dismiss on November 24, 2026 (ECF No. 24), which this Court denied on April 28, 2026 (ECF No. 27). The FTC filed the instant Motion for Reconsideration on May 8, 2026 (ECF No. 28), which Plaintiffs opposed on May 21, 2026 (ECF No. 32). The FTC filed a Reply on June 4, 2026. (ECF No. 36).

Under Federal Rule of Civil Procedure 54(b), a district court may revise any decision before an entry of final judgment. Motions for reconsideration of interlocutory orders—meaning non-final orders issued during the course of litigation—"are not subject to the strict standards applicable to motions for reconsideration of a final judgment." Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514–15 (4th Cir. 2003). "In considering whether to revise interlocutory decisions, district courts in this Circuit have looked to whether movants presented new arguments or evidence, or whether the court has obviously misapprehended a party's position or the facts or applicable law." Cohens v. Md. Dep't of Hum. Res., 933 F.Supp.2d 735, 742–43 (D.Md. 2013).

Here, the Court will grant the Motion for Reconsideration. Although there is no binding precedent directly on point with the unusual circumstances present here, the Court finds that judicial review of the constitutionality of the BOTS Act, along with any order of declaratory or injunctive relief, is inefficient and unnecessary, particularly because Plaintiffs can challenge—and indeed are challenging—the BOTS Act in the FTC's enforcement action currently pending before this Court. See generally Compl., FTC v. Key Inv. Grp. LLC, No. GLR-25-2716 (D.Md. Aug. 18, 2025) (ECF No. 1). Indeed, as the United States Supreme Court put it when explaining the limited nature of judicial review of agency action:

> In contrast to the complaint's lack of legal or practical effect upon [the plaintiff], the effect of the judicial review sought by [the plaintiff] is likely to be interference with the proper functioning of the agency and a burden for the courts. Judicial intervention into the agency process denies the agency an opportunity to correct its own mistakes and to apply its expertise. Weinberger v. Salfi, 422 U.S. 749, 765, 95 S.Ct. 2457, 2466, 45 L.Ed.2d 522 (1975). Intervention also leads to piecemeal review which at the least is inefficient and upon completion of the agency process might prove to have been unnecessary. McGee v. United States, 402 U.S. 479, 484, 91 S.Ct. 1565, 1568, 29 L.Ed.2d 47 (1971); McKart v. United States, 395 U.S. 185, 195, 89 S.Ct. 1657, 1663, 23 L.Ed.2d 194 (1969). Furthermore, unlike the review in Abbott Laboratories [v. Gardner, 387 U.S. 136 (1967)], judicial review to determine whether the Commission decided that it had the requisite reason to believe would delay resolution of the ultimate question whether the Act was violated. Finally, every respondent to a Commission complaint could make the claim that [the plaintiff] had made. Judicial review of the averments in the Commission's complaints

should not be a means of turning prosecutor into defendant before adjudication concludes.

F.T.C. v. Standard Oil Co. of Ca., 449 U.S. 232, 242–43 (1980); see also Dietz v. Bouldin, 579 U.S. 40, 45 (2016) (noting that district courts have the inherent authority to manage their dockets with a view toward the efficient and expedient resolution of cases)). Further, both parties acknowledge the inherent efficiencies in streamlining this case, made evident by their own Joint Correspondance requesting that this Court consolidate the initial discovery teleconferences scheduled in both cases into a single teleconference. (See May 22, 2026 Order, ECF No. 33 (granting parties' consent request to consolidate hearings)). As a result, the Court will grant Defendants' Motion for Reconsideration.

For the foregoing reasons, it is hereby ORDERED that the FTC's Motion for Reconsideration (ECF No. 28) is GRANTED. Plaintiffs' Complaint (ECF No. 1) is DISMISSED without prejudice. The Clerk shall CLOSE this case. Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly.

Very truly yours,

_____/s/_____
George L. Russell, III
Chief United States District Judge

3